## WELLS v. BAKER.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

TRIAL (§ 252*)—INSTRUCTIONS—CONFORMITY TO EVIDENCE.

Where the evidence respecting the subject-matter of a certain letter introduced in evidence was undisputed, and related to certain work which defendant was required to do under a contract, but by error the judge in his instructions referred to the letter as relating to certain other work which was in dispute between the parties, such error is ground for reversal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 596–612; Dec. Dig. § 252.*]

Hirschberg, P. J., dissenting.

Appeal from Trial Term, Richmond County.

Action by Theodore D. Wells against George F. Baker. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and RICH, JJ.

Joseph M. Hartfield, for appellant.
Thomas J. Ritch, Jr., for respondent.

BURR, J. Plaintiff seeks to recover upon three causes of action. Upon the trial the last of these was abandoned. In the first cause of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

action plaintiff asserts that he was employed to design and superintend the construction of a steel steam yacht for defendant (excepting only the interior joiner work and fittings), for which he was to be paid a sum equal to 5 per cent. of the cost of the vessel. Defendant admitted the employment, and the jury fixed such cost at $87,685. As part of the same cause of action, plaintiff contended that, as part of his compensation for the services referred to, he was to be paid 5 per cent. upon the cost of the small boats, forming part of the yacht's outfit, irrespective of whether or not he actually superintended the purchase of these. Upon conflicting evidence the jury found in plaintiff's favor, and that such cost was $5,900. Upon the first cause of action there was found due plaintiff the sum of $4,679.25.

For a second cause of action, plaintiff alleged that, although in the first instance he was not employed either to design or to superintend the construction of the interior joiner work and the fitting up of the owner's quarters upon the yacht, Walker & Gillett, who were employed in connection therewith, owing to their inexperience in naval architecture, encountered so many difficulties that they were forced to call upon him for assistance, and that defendant, the owner of the yacht, employed him to assist them, and that he did so. Upon conflicting evidence the jury found in plaintiff's favor as to this employment, and fixed the reasonable value of his services at $839.12, being 3 per cent. upon the cost of said work, which they found to be $27,970.99. Together with the special findings of fact above referred to, the jury found a general verdict in plaintiff's favor in the sum of these items, to wit, $5,518.37. From the judgment entered on such verdict, and from an order denying a motion for a new trial upon the minutes, this appeal is taken.

Although the issue of fact arising under the second cause of action was sharply contested, we should affirm the judgment, if it were not for an error in the charge prejudicial to defendant. During the progress of the work, defendant wrote plaintiff a letter, which was received in evidence. Defendant claimed, and plaintiff admitted, that this letter related to the deckhouse. Although this was part of the construction of the yacht under plaintiff's supervision, Walker & Gillett had drawn a plan therefor, which had been submitted to plaintiff for his approval. This letter did not relate in any way to the work referred to in the second cause of action. On his direct examination plaintiff testified:

"He sent me this letter of January 4th, which you have just read, and the subject of that matter [letter?] was the type of deckhouse which should be on the yacht, which was strictly a part of my work, but which Mr. Baker had seen fit to develop with Walker & Gillett. * * * The subject-matter of that letter was the type of construction of the deckhouse, which was different from that required by my specifications."

In this letter defendant said:

"It appears that Messrs. Walker & Gillett and myself got a wrong impression from you in regard to your approval of the plans drawn by W. & G. * * * It now seems that you have some doubts as to the seaworthiness of the plan, and also as to its water-tightness, etc., etc.; in other words that you do not care to put your O. K. on them. * * * If these plans are

not what you consider proper for the boat, I should be obliged to have you point out at once what remedies would make them proper."

In instructing the jury, the learned trial justice said, referring to plaintiff's claim under his second cause of action:

"Mr. Wells claims that because, after they got into the work of building the boat, Walker & Gillett called on him for assistance or aid in going on with the work, and because Mr. Baker wrote a letter telling him that he would have to help him, that he (Wells) is entitled to commissions on that expenditure. * * * It appears these men were not naval men; they were not used to building boats, or decorating boats, or putting in furniture in boats, and I suppose this was a novel enterprise to them. A man might be very skillful in decorating a large room, and still, when he came into the close quarters of a boat, with the peculiar shape of the boat, and the necessity for availing himself of the best results from these cramped quarters, he might be at sea about it, and would have to call in somebody who understood it; but the question is whether, on all the evidence here, Mr. Wells is entitled to recover for such assistance as he gave them. There is a letter here in which Mr. Baker says that he will have to help them; but I leave it to you to say whether Wells is entitled to pay for that. On one side there is Baker's letter, and the fact that Mr. Wells did give them assistance, and on the other side is the fact that, when Mr. Wells was engaged, he was told by Baker that he (Baker) did not expect him to pay him for this work, as he had other men to do it."

At the close of the charge defendant's counsel submitted the following request:

"I ask your honor to charge that this letter of January 4, 1909, referred to in your charge, from Mr. Baker to Mr. Wells, referred, upon the uncontradicted testimony, solely to the exterior of the deckhouse—that is, the sides—and did not relate to the interior or the owner's quarters."

This request was refused, and defendant duly excepted. It is apparent that for the moment the learned trial justice overlooked the fact, testified to by plaintiff himself, that this letter related, not to the disputed questions arising under the second cause of action, but to an entirely different matter, and construed it as relating to the interior work in the owner's quarters, originally undertaken by Walker & Gillett. It is possible that the jury fell into the same error, particularly as this error was emphasized by the refusal of defendant's request to charge. As the evidence respecting the subject-matter of this letter was undisputed, plaintiff's counsel should have concurred with counsel for defendant in the correction of the error in which the trial judge had fallen. Instead of that he stood mute, and allowed the jury to retire under a misapprehension.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents.